UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DR. GERALD FINKEL, *as Chairman of the Joint Industry Board of the Electrical Industry*,

                        Plaintiff,

    -against-

RED HOOK SIGN AND ELECTRIC CORP.
*d/b/a Red Hook Sign and Electric*,

                        Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-3611 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry, moves for default judgment against Defendant Red Hook Sign and Electric Corp. (Mot. Default J. (Docket Entry # 8).) The court grants Plaintiff's Motion, and refers this matter to Magistrate Judge Roanne L. Mann for a Report and Recommendation on damages and injunctive relief.

**I.    BACKGROUND**

Plaintiff brings this suit in his capacity as Chairman of the Joint Industry Board of the Electrical Industry (the "Board"). (See Compl. (Docket Entry # 1) ¶ 4.) The Board jointly administers "various employee benefit plans established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO," and participating employers and employer associations. (Id. ¶ 4.) The Board acts as the fiduciary of certain employee benefit plans within the meaning of

1

(showing that proof of service was filed with the court on August 9, 2011).) See also N.Y. Bus. Corp. Law § 306(b)(1). Because Red Hook failed to file an answer or otherwise respond to the Complaint, the Clerk of Court entered a notice of default against Red Hook on September 9, 2011, pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry # 5.)

On January 13, 2012, Plaintiff filed his Motion for Default Judgment.[1] (Mot. Default J.) In support of this Motion, Plaintiff submitted a Memorandum of Law (Docket Entry # 12), two affidavits (Docket Entry ## 9, 10, 11), and over 400 pages of supporting documentation (Docket Entry ## 10-1, 11-1, 11-2, 11-3, 11-4, 11-5, 11-6, 11-7, 11-8). Red Hook has not responded, and its time to do so has passed.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009). In this case, Plaintiff's allegations are sufficient to establish Red Hook's liability as specified in the Complaint. Accordingly, default judgment is appropriate.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The court has an independent obligation to assess requests

---

[1] Magistrate Judge Robert M. Levy granted Plaintiff's motion for an extension of time through this date. (See Docket December 12, 2011.)

§§ 3(16)(A)(i) and 3(21)(A) of the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. §§ 1002(16)(A)(i), (21)(A). (Id. ¶ 5.)

On July 27, 2011, Plaintiff filed his Complaint against Defendant Red Hook Sign and Electric Corp. ("Red Hook"). (Compl.) Plaintiff alleges that Red Hook is an "employer" within the meaning of § 3(5) of ERISA, codified at 29 U.S.C. § 1002(5), and § 301(a) of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185(a). (Id. ¶ 10.) The Complaint states that Red Hook has failed to comply with its obligation to remit required ERISA and non-ERISA contributions in accordance with its Collective Bargaining Agreements ("CBAs"). (Id. ¶¶ 11-14, 18-27.) Plaintiff further alleges that Red Hook has failed to remit required information, including Payroll Reports and Deferred Salary Plan ("DSP") Reports, to the Board as required by the CBAs. (Id. ¶¶ 15-17.) Plaintiff asserts four causes of action against Red Hook: one claim that Red Hook failed to remit contributions and Payroll Reports in accordance with the terms of ERISA Plan documents (id. ¶¶ 28-31), one claim that Red Hook acted in breach of the CBAs in violation of the LMRA (id. ¶¶ 38-39), and two claims that Red Hook has acted in violation of its fiduciary duties by failing to properly remit employee contributions to the DSP (id. ¶¶ 32-37).

Plaintiff seeks monetary damages for unpaid contributions, interest and liquidated damages on unpaid and late-paid contributions, and attorneys' fees and costs. (Compl. at 11-12; Statement of Amounts Due (Mot. Default J., Ex. C at 2).) Plaintiff also seeks injunctive relief requiring Red Hook to submit missing Payroll Reports and DSP Reports up until the date of judgment. (Compl. at 11.)

Plaintiff properly served his Summons and Complaint through an authorized agent of the New York Secretary of State on August 1, 2011. (See Affidavit of Service (Docket Entry # 2)

2

for damages, which "usually must be established by the plaintiff in an evidentiary proceeding." Greyhound Exhibitgroup, 973 F.2d at 158; see also Fed. R. Civ. P. 55(b)(2) (stating that "the court may conduct . . . a hearing" to determine the amount of damages on default judgment). The Second Circuit, however, has approved making such a determination without a hearing where detailed affidavits and other documentary evidence provide the court with a sufficient basis for doing so. See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citing additional cases); see also La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 349 (E.D.N.Y. 2009) (in an action to recover ERISA contributions, making damages determination without a hearing).

Therefore, the court refers this matter for a damages inquest before Magistrate Judge Robert M. Levy for a Report and Recommendation, including any awards of interest, attorneys' fees, or costs. The Report and Recommendation shall also address whether Plaintiff has provided the court with sufficient evidence to satisfy the requirements for injunctive relief. See La Barbera, 666 F. Supp. 2d at 349-50.

### III. CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court refers this matter to Magistrate Judge Robert M. Levy for a Report and Recommendation on damages and injunctive relief.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York     NICHOLAS G. GARAUFIS
January 18, 2012     United States District Judge

4